Good morning, your honors. May it please the court, Charles Bonneau, appearing for petitioner and appellant Shabondy Simpson. Your honors, the merits of our petition have not advanced on appeal to this court. The certified issue deals only with whether the motion to amend the petition was properly denied. In addition, this court has posed two questions, which it's asked the parties to address specifically this morning. And that's what I'd like to begin with. The first question is whether the district court had jurisdiction over the Cunningham petition, the 2008 petition. Given that it was to be amended into the 2005 petition on a date when the appeal had already been taken, we feel that the district court did have jurisdiction. And our reasons are that, number one, that the Cunningham petition was filed about nine and a half months before the 2005 petition was decided. It was filed on November 18, 2008. Under Woods v. Carey, it should have been deemed a motion to amend the 2005 petition, which was sitting in another file. That could have been done. It could have been done at any time in the ensuing nine and a half months. In fact, the Attorney General moved to consolidate the two cases on July 30, 2009, while the 2005 petition was still in the district court. So are you arguing that when the court actually did consolidate, it was just a ministerial act and that the � even though the notice of appeal had been filed by then and divested, the court of jurisdiction is still within the district court's jurisdiction not only to file it, but then go ahead and rule on it? Yes. And the authority for that would be what? The mistake was ministerial in the clerk's office to not have moved this case consolidated.   So it was trying to correct basically an internal mistake. Our authority is those cases in which the district court loses jurisdiction because of mootness. And that � an example would be where one of the litigants dies, but the issue that he has posed is capable of repetition and, therefore, necessary for decision. And the � there's � we've cited a 1911 case from the United States Supreme Court, but there's literally hundreds of citations within the right manual that I cited to the court in which the district court takes jurisdiction over the case, and the district court takes jurisdiction over the case. And it doesn't � it's lost jurisdiction, but it, in fact, resumes or keeps jurisdiction for a good purpose. And that's what we're trying to do. We're trying to make sure that the district court doesn't lose jurisdiction over the case. And that's what we're trying to do. This is, indeed, a situation where Woods v. Cary cannot be properly enforced unless you do this, unless you allow the amendment. As long as the � as long as the pro se Petitioner has done everything in a timely way, then there's no reason for it to be enforced. As long as the pro se Petitioner has done everything in a timely way, then this is a perfect example of a situation where the district court should have that inherent power. It does reopen cases, for instance, under Rule 60, under Section 2255 motions. Those are all reopened after the case is closed. And so the Court resumes jurisdiction of a closed case, particularly when the issue is distinct. This is completely distinct from the first appeal, which I argued in this Court a couple of years ago. Kagan. So what is it that you're asking this Court to do, find that the district court had jurisdiction and send the case back for consideration of the Cunningham claim? Yes. And would he have a Cunningham claim? Is it timely? That's the next question the Court raised. Our position is that it is timely. The Cunningham decision was reached on January 11, 2007, and the petition was filed in the district court exactly 8 months later, on September 11, 2007. So that would involve – I'm sorry. It was filed in the Sacramento Superior Court. I apologize. 8 months later. So there was a – so he used up perhaps 8 months during that period. There was gap tolling from that period. But that argument assumes that the 1-year clock starts running when Cunningham was decided on January 22, 2007. Yes. I was going to come back to that. It's – prior to the Cunningham decision, it was clearly against him. Our Supreme Court in Blake had said that you can't raise Cunningham in this situation. So he wouldn't have been able to file a proper petition to challenge the lack of a jury findings. The Court's question does raise an issue, though, which I really didn't think about until this morning, and that is, does the clock start running on the date of the Cunningham decision, or does it start running when the Cunningham decision is final, which I think is 60 days later, because you can petition for rehearing in the United States Supreme Court. A litigant could believe that the clock didn't – that his clock didn't start running until 2 months later. So there is that question. I don't believe that the Cunningham decision would have had any effect on the court's decision. At any rate, the Federal petition was mailed – put in the mail in the prison on November 14, 2008, which would be within the – his remaining 4-month period. And by operation of the mailbox rule, he – it would be timely even if 8 months had already been expended following the Cunningham decision and he was coming up on his remaining 4 months. So for all those reasons, we think it was timely. The – those are the issues that the Court posed. We think that there was, as far as timeliness, that there was an expenditure of either 6 or 8 months at the outset, and then substantial gap tolling, and then by operation of the mailbox rule at worst, the Federal petition was timely. The remaining issue, which is, of course, the one that we briefed, is whether it was an abuse of discretion to deny the petition to amend. And the court basically – the district court basically advanced two reasons. One was that the – that Mr. Simpson checked the box on the 08 petition, saying that he had no other petitions filing – filed in the court. That was clearly wrong. It was clearly inadvertent. And no one was misled. And I think that's perfectly clear from the record that the petition was immediately assigned to the same deputy attorney general, and the – to the district court, to assign it. I don't know if that's the cause or not, and that's a bit of a speculation on my part, but from the court's perspective, it was assigned to a different judge and a different magistrate judge, and the two cases didn't get routed into the same courtroom. That's – that's one way to look at it. Another way to look at it is from the Petitioner's perspective, and this is apart from the court rules, but as a matter of common sense, he has a petition at that point pending, the 05 petition, which was potentially meritorious. In fact, we had a certificate of appealability on that. It was briefed in this Court, and I came down here and argued it, just as I am today. That petition, had it been amended for the Cunningham petition to catch up with it, would have been derailed for perhaps a year. In other words, it would have been taken off of its schedule. It wouldn't have been decided in a timely manner. It would have been delayed. So from his perspective, not knowing all the court rules, he doesn't necessarily want that delay of an apparently valid claim. A person, a pro se litigant could think that this was the way to go, that it was the right to a prompt hearing. Thank you. Thank you, counsel. Good morning. Justin Riley on behalf of the Warden. Thank you very much for the clarification notice. I'd like to start with the jurisdiction issue. This Court has held numerous times in the context of Rule 60 that a district court is without jurisdiction to alter or amend a judgment once a notice of appeal is filed. There is no exception to that rule for problems that are capable of repetition yet evading review. However, even if this could be a situation in which a district court could retain jurisdiction if it decided that there was a problem with outstanding motions not being ruled upon and that was capable of repetition yet evading review, there's a well-established procedure for alerting this Court that, hey, the district court forgot to rule on one of my motions or has yet to rule on a motion. In the previous appeal, Simpson had the opportunity to alert this Court that it should remand back to the district court for consideration of that motion. He failed to do that. And the appeal, the original appeal, the first appeal in this Court has long since been final. The mandate is issued. If the district court was without jurisdiction to deny the deemed motion to amend, this Court also is without jurisdiction to hear anything about that case because this appeal was not taken from a final appealable order. The final appealable order that this Court had an opportunity to remand from was the original, was in the original appeal, the final appealable order. There is no longer jurisdiction in this Court. I'd love to answer any other questions on jurisdiction. Can you address the question of, let's assume that we were to reach the Cunningham question. The question is whether it was timely. What's your response to that? And if, depending on whether Cunningham can be retroactively applied or not, is there any way that the defendant in this case could successfully pursue a Cunningham claim? Absolutely not. I'd like to first address the issue of possibility of waiver. Mr. Simpson, in a recent letter, this Court suggested that Respondent would waive the timeliness issue. This Court has been clear about where and when waiver of a timeliness issue in a 2254 case occurs, and that is at the, that is at the point that the Respondent responds to the petition or the claim on its merits. Respondent hasn't had the opportunity to do that yet, and so we haven't yet had the ability to waive or assert the timeliness issue. With regard to timeliness, this Court in Butler v. Curry recently held that the rights explained in Cunningham v. California were all clearly established by the United States Supreme Court as of the time of Apprendi v. New Jersey, Blakely v. Washington and United States v. Booker. The last of these, United States v. Booker, was decided in January of 2005. Now, building on this case, this Court's case in Butler v. Curry, declaring that the as of the time of January 2005, one need only flip to the 15th page of the excerpts of record where the district court lays out the procedure. And in April 1 of 2005, when Simpson filed his first Federal petition, until September and that's at line 4 on page 15 of the excerpts of record, and then until September 11 of 2007, which is at line 13, page 15 of the excerpts of record, it is clear from the district court's procedure that there were no state court petitions on file during that over two-year period. So if we start the statute of limitations running at the time Booker, the last of the three cases described in Butler v. Curry, was decided, clearly establishing the rights explained in Cunningham v. California, and then we start at April 1, 2005, when we're sure that Simpson had no state court petitions on file, two years ran off of the statute of limitations, or two years ran and the statute of limitations would have run during that time. So this is clearly untimely. And your answer on your defense of the statute was you didn't have to raise it. Is that right? We did not have the opportunity to raise the statute of limitations yet on the Cunningham claim. Well, why didn't you? There was no – procedurally, we did not respond to the petition or the claim in any way, shape or form. We were asked to respond to whether or not the petition, the original petition, should be amended post-judgment under Rule 15. And you say that was your only obligation. That was. We have not yet responded to either the merits of the Cunningham claim or the petition – or the new petition in general. You opposed the petition for leave to amend, to have it treated as leave to amend the original petition. Absolutely. That's set forth in my brief. But why didn't the government bring to the district court's attention the fact that there were these two different cases proceeding in two different courtrooms when the same government lawyer was assigned to handle both proceedings? Why wait until the court ruled on the first petition before moving to consolidate the second one? I completely agree. And that government attorney was me. I did file a motion to consolidate when I realized that the two petitions were filed. It was the same petitioner and that the – and that Simpson was attacking the same state court judgment. That takes a while. The government wheels were turning. It was not assigned to me in a very timely manner. Because it was filed under a different case number, it was routed to me. I did move to consolidate the cases, though, when I did the analysis of the case. Do you know whether the district, in this case the Eastern District, has a process by which the court identifies petitions filed by the same petitioner and bring it in the same court? I can tell you anecdotally that I have seen both situations where they have received filings from the same petitioner and filed it in one case, and then, as here, they file it in two cases. I couldn't speak to more than just anecdotally. I've seen it happen both ways, where they realize that it should be in one case and when they don't realize it should be in one case. Here, it's not surprising that they didn't realize because they looked at the petition. Simpson had the opportunity to print his district court case number on the filing, which he had had for over two years. There was a case number he could have just put right on the cover of the filing, as most petitioners do. There was a question inside where he was given the opportunity to say, hey, are there any other petitions pending in any other courts? And he said no. So it was an oversight that two cases were open, but it wasn't surprising. So you have both cases, but you just didn't really make the connection until before you ---- I was not served with the original petition until the district court opened the petition in another case. And I was not personally served, even though my office was served with that petition, and it was not routed to me in a ---- it was timely, but it takes a while. I did move to consolidate, though, well before judgment was entered. Okay. Do you have anything else? I don't think we have time. I'm happy to answer any questions on jurisdiction or timeliness. And if the Court wants to hear anything on whether or not the motion to amend was reasonable, it's in my brief. All right. Other than that, I'd submit. Thank you. Thank you. Counsel, I'll give you a minute if you ---- I'll give you a minute if you have something to say. Thank you very much, Your Honor. I disagree that they were ---- that the State was disempowered to move to dismiss. They always do that when they have grounds. That's the first thing they do. It's the first thing they look at, and they could have replied to the motion to amend in the same way as saying that it was untimely. They didn't. As far as Mr. Simpson filing a State petition back years earlier on the basis of Apprendi or something like that, that would have been improper and contemptuous in view of California Supreme Court authority. If he had come to my office and asked me to do it, I would not have done it. Thank you. All right. Thank you. All right, Counsel. We appreciate the argument, and the case argued is submitted.
judges: Noonan, Fisher, Nguyen